IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Michael Labrice,** : <br> **1256 Hickory Lane** : <br> **Langhorne, PA 19047,** : <br> : **CIVIL ACTION** <br> : <br> **Plaintiff,** : **No.** <br> : <br> v. : **JURY TRIAL DEMANDED** <br> : <br> **City of Philadelphia** : <br> **Philadelphia Police Department** : <br> **1515 Arch Street** : <br> **17th Floor** : <br> **Philadelphia, PA 19102,** : <br> : <br> **and** : <br> : <br> **Rick Ross, Commissioner** : <br> **Philadelphia Police Department** : <br> **750 Race Street** : <br> **Philadelphia, PA 19106,** : <br> : <br> **and** : <br> : <br> **Christopher Flacco, Chief Inspector** : <br> **Philadelphia Police Department** : <br> **750 Race Street** : <br> **Philadelphia, PA 19106,** : <br> : <br> **Defendants.** : <br> _____ : | |

**COMPLAINT**
**Jurisdiction and Venue**

1.      Jurisdiction over this cause of action is properly before this Court pursuant to 28 U.S.C. § 1331 as this civil action concerns a federal question or questions and arises under the Constitution and/or laws of the United States, and the Americans with Disabilities Act, 42 U.S.C. § 12101 in particular.

2.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to Plaintiff's claims(s) for violation(s) of the

aforementioned statute(s) occurred in the Eastern District of Pennsylvania, where all Defendant(s) herein reside and/or conduct business.

3. Venue is also proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(c) in that the Defendant(s) have substantial business contacts within the Eastern District of Pennsylvania.

## Parties

4. Plaintiff Michael Labrice is an adult individual and resident within the Eastern District of Pennsylvania, residing at 1256 Hickory Lane, Langhorne, PA 19047, and at any and all times relevant was and is employed by the City of Philadelphia Police Department.

5. Defendant City of Philadelphia is a city of the first class in the Commonwealth of Pennsylvania, conducting business at any and all times relevant at 1515 Arch Street, 7th Floor, Philadelphia, PA 19102, and at any and all times relevant employed the Plaintiff in the Philadelphia Police Department.

6. Defendant Rick Ross, Police Commissioner of the City of Philadelphia Police Department, conducted business at any and all times relevant at 750 Race Street, Philadelphia, PA 19106, and was a supervisor of Plaintiff herein.

7. Defendant Christopher Flacco, Chief Inspector of the City of Philadelphia Police Department, conducted business at any and all times relevant at 750 Race Street, Philadelphia, PA 19106, and was and/or remains a supervisor of Plaintiff herein.

## Facts

8. Plaintiff(s) hereby incorporate averments 1 through 7 as though fully set forth herein at length.

9. Plaintiff was appointed to the position of Police Captain on or about March 23, 2018.

10. On or about August 7, 2018, while on duty as a Philadelphia police officer, Plaintiff was exiting his police car at the 8th District, when he tripped over the curb, and struck his head on the concrete, incurring a traumatic brain injury (T.B.I.) in the process, and injuring his left ankle and left knee.

11. Plaintiff was therefore placed on I.O.D. (injured on duty) status by one and/or all of the Defendants, from August 7, 2018 until April 14, 2019.

12. Plaintiff returned to work on or about April 15, 2019.

13.     On or about May 14, 2019, after approximately one month back on the job after suffering a T.B.I., as aforementioned, in the course of his service as a Philadelphia Police Officer, Plaintiff received a "Rejection During Probationary Period" form from all of the Defendants herein (hereinafter "the Rejection"), and was rejected from his position as Captain therein, a true and correct copy of which is attached hereto and incorporated herein as <u>Exhibit A</u>.

14.     As set forth in <u>Exhibit A</u>, the Rejection of Plaintiff from the position of Captain was dated May 9, 2019, and was effective May 14, 2019.  *See* <u>Exhibit A</u>.

15.     As set forth in <u>Exhibit A</u>, the Defendants rejected the Plaintiff from the position of Captain (to which he was appointed fourteen (14) months beforehand) exactly one (1) month <u>after</u> he returned to full time work from I.O.D. status.  *See* <u>Exhibit A</u>.

16.     As set forth in <u>Exhibit A</u>, the Defendants explicitly rejected the Plaintiff from the position of Captain ***because*** of the disabilities and/or perceived disabilities that caused him to be on I.O.D. status.  *See* <u>Exhibit A</u>.

17.     In the incredible words of the Defendants themselves, as explicitly set forth in <u>Exhibit A</u>, the Defendants revealed their unlawful and illegal motivations for the Plaintiff's rejection from the position of Captain, to wit:

> "The specific reasons for your rejection from the above position are as follows:
>
> You were appointed to the position of Police Captain on March 23, 2018. You are on probation until 5/31/19.  **You were in IOD status from 8/7/18-4/14/19.**  Your probation was extended which you were notified of on 8/27/18."
>
> *See* <u>Exhibit A</u>.  (**Emphasis added**).

18.     The Rejection was signed by Defendant Rick Ross, and Defendant Chistopher Flacco.  *See* <u>Exhibit A</u>.

19.     The actions and/or inactions of the Defendants as set forth in <u>Exhibit A</u>, as aforementioned, interfere with the Plaintiff's right to reasonable accommodations from the Defendants to heal from the T.B.I. and/or other injuries which he incurred during his service as a Philadelphia Police Officer; indeed, the Defendants explicitly referenced the Plaintiff's injured status – his I.O.D. status – as **THE** reason for his rejection from the position of Captain.  *See* <u>Exhibit A</u>.

20. Accordingly, the Defendants discriminated against the Plaintiff because of his physical and/or mental disabilities, and/or the Defendants' perceptions of the Plaintiff's physical and/or mental disabilities

21. Plaintiff duly submitted his complaint to the Equal Employment Opportunity Commission, which issued its Right to Sue letter on or about June 25, 2019.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT (A.D.A.)**
**REASONABLE EMPLOYMENT ACCOMMODATIONS AND RETALIATION**
**42 U.S.C. § 12101 et. seq.**
**Plaintiff v. All Defendants**

22. Plaintiffs hereby incorporate averments 1 through 21 as though fully set forth herein at length.

23. The Americans with Disabilities Act was created "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. §12101(b)(1).

24. Plaintiff was at all material times a qualified individual with disabilities (and/or a qualified individual with perceived disabilities) within the meaning of 42 U.S.C. §12102, *et seq.*, and § 12112(a) in particular, as he suffered from a T.B.I. and/or other physical and/or mental injuries which put him on I.O.D. status, as aforementioned, and was a person "with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires" pursuant to § 12111(8).

25. Plaintiffs' claims under Title II and Title III of the A.D.A. do not require exhaustion of administrative remedies prior to litigation.

26. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." *See* 42 U.S.C. § 12132.

27. Defendants are a public entity (or agent thereof) which provide police services, programs, and activities, pursuant to 42 U.S.C. § 12132.

28. Defendants were aware of Plaintiff's disabilities, and Plaintiff provided said Defendant with oral and/or written notice of the same, as aforementioned in averments 1 through 27.

29.     Plaintiff is a qualified individual with a disability in that he suffered from a T.B.I. and/or other physical and/or mental injuries which put him on I.O.D. status, as aforementioned. Plaintiff's disabilities place significant limitations on his ability to function as he normally would in his current position with the Defendants, and basic accommodations therefor were eminently reasonable and accessible.

30.     Title II of the A.D.A. provides that persons with disabilities, such as Plaintiff, shall be afforded meaningful access to the programs and activities of public entities.

31.     Instead, Plaintiff has been explicitly denied basic accommodations – and, in fact, was specifically targeted and/or retaliated against due to his I.O.D. status arising from his disabilities - as aforementioned in averments 1 through 30 on the basis of his disabilities. *See* Exhibit A.

32.     Upon information and belief, it was common knowledge that Plaintiff was disabled, and Plaintiff was targeted on that basis as aforementioned in averments 1 through 31. *See also* Exhibit A.

33.     The intentional targeting directed toward the Plaintiff was so unnecessary, pervasive, and objectively offensive, that it barred his access to an equal condition and/or benefit of employment at the Philadelphia Police Department: namely, among other things, enjoyment of the salary, position, and/or ancillary benefits afforded him as a Captain.

34.     Defendants had the authority and obligation to address the discrimination perpetrated against Plaintiff and to institute remedial and corrective measures so as to preserve Plaintiff access to his position at the Philadelphia Police Department, but instead specifically targeted and/or retaliated against the Plaintiff because of his disabilities and/or perceived disabilities. *See* Exhibit A.

35.     Rather than protect Plaintiff, Defendants barred Plaintiff from equal access to employment opportunities, conditions and/or benefits. *See* Exhibit A.

36.     The acts and/or omissions described *supra* by police officials and employees violated Plaintiff's right to be free from harassment, and discrimination within the police department.

37.     With actual knowledge of the discrimination, Defendants evinced deliberate indifference to the prevention of, and/or response to, the discrimination aforementioned in averments 1 through 36, thereby subjecting Plaintiff to an abusive, inaccessible and/or discriminatory work environment, in which the Plaintiff has been forced to work to this very day.

38.     The harassment and discrimination suffered by Plaintiff, and the police officials' deliberate indifference to – and/or intentional implementation of - such harassment and discrimination, further exacerbated his disabilities and impeded Plaintiff's ability to access the conditions and circumstances of his employment.

39.     Defendants exhibited deliberate indifference in that its response to the discrimination against Plaintiff was clearly unreasonable in light of the known circumstances of his disability and the easy ability to accommodate the same; Defendants, instead, intentionally targeted and/or retaliated against the Plaintiff because of the T.B.I. and/or other injuries which put him on I.O.D. status.  *See* Exhibit A.

40.     Defendants discriminated against Plaintiff on the basis of his disability in violation of the Americans with Disabilities Act, and are therefore liable for the injuries and damages described as aforementioned, at length.

41.     As a result of Defendant's violation of the Americans with Disabilities Act, Plaintiff suffered physical, emotional, and psychological damages in an amount to be determined at trial.

42.     Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any public place of accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation." *See* 42 U.S.C. §12182(a).

43.     Defendants' police department is "a place of public accommodation" pursuant to 42 U.S.C. §12181(7)(J).

44.     Defendants were aware of Plaintiff's disabilities, and Plaintiff provided said Defendants with notice of said disabilities, while Plaintiff was working for Defendants.

45.     Under Title III of the A.D.A., Defendants must make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; and to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals …" *See* 42 U.S.C. §12182(b)(2)(A)(ii).

46.     Under Title III of the A.D.A., Defendants had a duty to ensure that Plaintiff was and is treated as any non-disabled employee.

47.     Despite having actual knowledge that Plaintiff was disabled, said Defendants denied his clear need for help, assistance, and/or protection in the employment environment of the Philadelphia Police Department, while offering non-disabled

employees the full protections afforded under state and federal laws as well as the Defendants' policies and procedures once this misconduct was reported.

48.     Plaintiff, rather than being protected or accommodated, was instead dismissed and ignored, with his report of injury and requests for accommodation arising therefrom remaining inappropriately addressed and/or investigated and/or serving as the basis for retaliation, and the Plaintiff's injuries and/or disabilities and/or perceived disabilities thereby being exacerbated, as aforementioned in averments 1 through 47.

49.     Plaintiff was made to endure the disability-based hostility of his supervisors and/or co-employees, with his specific diagnoses being shared amongst Defendants' staff members.

50.     Defendants failed to make reasonable accommodations for Plaintiff, which caused his disabilities and/or perceived disabilities to not only became worse, but wrought further harm to his physical and/or mental condition.

51.     As a result of Defendants' failure to comply with the A.D.A., Plaintiff's pain and disabilities were further exacerbated.

52.     Once placed on notice of Plaintiff's disability, rather than make reasonable accommodation under the A.D.A., the Defendants' response was actively malignant at best.  *See* Exhibit A.

53.     Defendants had a duty to protect Plaintiff from harassment and disability discrimination suffered at the hands of its employees, and to comply with the A.D.A.

54.     Defendants' actions and omissions, however, were based upon and in complete disregard of Plaintiff's status as a disabled individual and in clear violation of the Americans with Disabilities Act. *See* Exhibit A.

55.     All of the foregoing adverse employment actions and/or inactions were taken against the Plaintiff, and constitute retaliation for the Plaintiff's lawful requests and/or exercise of his right under the A.D.A., and Defendants are liable for the damages caused Plaintiff due to their violations of federal law.  *See* Exhibit A.

56.     As a direct, material, proximate and foreseeable result of Defendants' actions and/or inactions, Plaintiff has suffered past and future pecuniary losses, including lost wages, loss of free time, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and intangible injuries.

57.     As a direct, material, proximate and foreseeable result of Defendants'

actions and/or inactions, Plaintiff will suffer further medical treatments and interventions, to attempt to remedy the exacerbated injuries inflicted upon him, as aforementioned.

WHEREFORE, Plaintiff respectfully requests judgment in his favor, and against Defendants herein, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000), together with punitive damages where appropriate, attorney's fees, costs, interest, and reinstatement of his position as Captain with the Philadelphia Police Department.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT (F.M.L.A.)
## 29 U.S.C. § 2601 et. seq.
## Plaintiff v. All Defendants

58. Plaintiffs hereby incorporate averments 1 through 57 as though fully set forth herein at length.

59. As aforementioned in averments 1 through 58, Plaintiff was on I.O.D. status due to the T.B.I. and/or other physical and/or mental injuries which he incurred during his service as a Philadelphia Police Officer, and a Captain, in particular.

60. As such, Plaintiff "shall be entitled, on return from such leave – (a) to be restored by the employer to the position of employment held by the employee when the leave commenced; or (b) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." *See* 20 U.S.C. § 2614(a)(1). Instead, all Defendants violated this provision of the F.M.L.A., as set forth in Exhibit A.

61. As such, furthermore, the Plaintiff's "taking of leave…shall not result in the loss of any employment benefit accrued prior to the date on which the leave commenced." *See* 20 U.S.C. § 2614(a)(2). Instead, all Defendants violated this provision of the F.M.L.A., as set forth in Exhibit A.

62. 29 U.S.C. § 2615(a)(1) outlaws "any employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this subchapter" of the F.M.L.A; instead, all Defendants violated this provision of the F.M.L.A., as set forth in Exhibit A.

63. 29 U.S.C. § 2615(a)(2) outlaws "any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful under this subchapter" of the F.M.L.A.; instead, all Defendants violated this provision of the F.M.L.A., as set forth in Exhibit A.

8

64.     29 U.S.C. § 2615(b) outlaws "any person to discharge or in any other manner discriminate against any individual because such individual - (1) has filed any charge, or has instituted or caused to be instituted any proceeding, under or related to this subchapter; (2) has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter; or (3) has testified, or is about to testify, in any inquiry or proceeding relating to any right provided under this subchapter." Instead, all Defendants violated this provision of the F.M.L.A., as set forth in Exhibit A.

65.     Therefore, the Defendants unlawfully retaliated against the Plaintiff in violation of the F.M.L.A., purposely and with malicious intent to injure the Plaintiff, and the Defendants are liable for the damages caused Plaintiff due to their violations of federal law. *See* Exhibit A.

66.     As a direct, material, proximate and foreseeable result of Defendants' actions and/or inactions, Plaintiff has suffered past and future pecuniary losses, including lost wages, loss of free time, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and intangible injuries.

67.     As a direct, material, proximate and foreseeable result of Defendants' actions and/or inactions, Plaintiff will suffer further medical treatments and interventions, to attempt to remedy the exacerbated injuries inflicted upon him, as aforementioned.

        WHEREFORE, Plaintiff respectfully requests judgment in his favor, and against Defendants herein, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000), together with punitive damages where appropriate, attorney's fees, costs, interest, and reinstatement of his position as Captain with the Philadelphia Police Department.

## COUNT III
## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 955 et seq.
## Plaintiff v. All Defendants

68.     Averments 1 through 67 are incorporated as though fully set forth herein at length.

69.     As a disabled employee and/or an employee perceived to have disabilities, Plaintiff belongs to a protected class upon whom it is illegal for Defendants to discriminate with regard to his compensation, terms, conditions, or privileges of employment.

70. As aforementioned in detail above, the Plaintiff suffered an adverse consequence to his employment as a direct result of his disability and/or perceived disability.

71. This inequity in the terms and conditions of his employment is just one of several factors that clearly indicate the discriminatory nature in which Defendants treated Plaintiff because of his disability and/or perceived disability, as is more fully set forth above. *See also* Exhibit A.

72. Even after the disparity was brought to Defendants' attention, no attempt was made by anyone with decision-making power within the organization to improve the terms and conditions of Plaintiff's employment to a level equal to that of Plaintiff's counterparts at the Philadelphia Police Department.

73. Defendants have engaged in unlawful practices in violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, by discriminating on the basis of disability and/or perceived disability in their employment practices, including but not limited to altering the terms and conditions of the Plaintiff's employment on the basis of his disability and/or perceived disability.

WHEREFORE, Plaintiff respectfully requests judgment in his favor, and against Defendants herein, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000), together with punitive damages where appropriate, attorney's fees, costs, interest, and reinstatement of his position as Captain with the Philadelphia Police Department, plus:

(a) Declaratory judgment in the nature of an order declaring that the actions of Defendants violate the Pennsylvania Human Relations Act;

(b) Injunctive relief, enjoining Defendants from further such violations;

(c) Compensatory and punitive damages in an amount to be determined at trial, together with interest, costs and fees, including expert witness fees pursuant thereto;

(d) Attorney's fees; and

(e) Such other relief as this Honorable Court deems appropriate.

## COUNT IV
### Intentional Infliction of Emotional Distress under Pennsylvania State Law
### Plaintiff v. All Defendants

74. Plaintiff hereby incorporates averments 1 through 73 as though fully set forth herein at length.

75.  Defendants (as aforementioned in averments 1 through 74) willfully, maliciously, oppressively and knowingly engaged in the aforementioned acts with a conscious design of causing Plaintiff to suffer humiliation, anguish and emotional and physical distress.

76.  Defendants' conduct, as aforementioned, was done with knowledge that Plaintiff would be caused mental anguish and emotional and physical distress and Defendants' conduct was with a wanton and reckless disregard for the consequences of said actions to Plaintiff.

77.  As a direct and proximate result of the aforementioned acts, Plaintiff suffered humiliation, mental anguish and emotional injuries.

78.  In allowing these acts and/or failing to prevent their perseveration, the Defendants acted maliciously and without regard for the rights and health of Plaintiff, and to some degree with the intent, design, scheme and purpose to injure the Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment in his favor, and against Defendants herein, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000), together with punitive damages where appropriate, attorney's fees, costs, interest, and reinstatement of his position as Captain with the Philadelphia Police Department.

## COUNT V
## Request for Declaratory Judgment
## 75 Pa.C.S.A. § 7531 et. seq.
## Plaintiff v. Defendant City of Philadelphia Police Department

79.  Plaintiff hereby incorporates averments 1 through 78 as though fully set forth herein at length.

80.  Defendant has been frequently sued for violations of the A.D.A. and/or F.M.L.A. and/or P.H.R.A. over the past ten (10) years.

81.  Defendant specifically employed senior members of the Philadelphia Police Department, and/or independent attorneys from the Philadelphia area, to train, lecture, supervise and/or prepare directives for Philadelphia Police Officers, including individuals identified herein in averments 1 through 80, *supra*, how to successfully conduct, cover up and/or sequester their unlawful behavior from lawsuits such as this instant matter, and how to manipulate their language and their testimony in criminal and/or civil matters to avoid personal and/or department liability for the kind of behavior as aforementioned.

82.  Upon information and belief, the conduct of Defendant in this regard (as mentioned in averment 81), and the continuing A.D.A. and/or F.M.L.A. and/or P.H.R.A.

11

violations committed by the Defendant (as aforementioned in averment 81) show absolutely no signs of abatement, warranting the immediate intervention of this Honorable Court.

83.     Indeed, in 2015, the Department of Justice in Washington issued a report regarding *inter alia* the out of control level of civil rights violations being committed by the Philadelphia Police Department, and the Defendant has recently expressed grave concerns with the unconstitutional behavior of many members of its police department, including the recent departure of Defendant Ross for *inter alia* civil rights violations.

84.     Without the appointment of any independent review panel or implementation of a consent decree, the Defendant has shown no inclination to curb the A.D.A. and/or F.M.L.A. and/or P.H.R.A. violations that are routinely inflicted upon citizens of Philadelphia such as Plaintiff herein.

85.     Indeed, prior litigation in this Court has attempted the installation of a review panel or consent decree to remedy, *inter alia*, § 1983 and failure to train allegations, as aforementioned, but Defendant is continuing to violate the rights of citizens like Plaintiff to be free of A.D.A. and/or F.M.L.A. and/or P.H.R.A. violations committed by Philadelphia police officers, such as Defendants Ross and Flacco.  *See* Bailey v City of Philadelphia, 10-cv-5952.

WHEREFORE, Plaintiff demands judgment against Defendant, and requests this Honorable Court issue an order for the following injunctive relief:

A. Order the creation of an independent review panel and/or implementation of a consent decree, together with costs and attorney's fees for the same;

B. Enjoin the Defendant and members of the Philadelphia Police Department from continuing their policy, practice and/or custom of A.D.A. and/or F.M.L.A. and/or P.H.R.A. violations;

C. Enjoin the Defendant and members of the Philadelphia Police Department from continuing their policy, practice and/or custom of conducting insufficient and/or intentionally malfeasant training which fosters continued violations of the A.D.A. and/or F.M.L.A. and/or P.H.R.A.;

D. Require the Defendant and members of the Philadelphia Police Department to institute and implement training, supervision and discipline that will eliminate the policy, practice and/or custom of violating the A.D.A. and/or F.M.L.A. and/or P.H.R.A.and/or conducting insufficient and/or intentionally malfeasant training, as aforementioned;

E. Require the Defendant and members of the Philadelphia Police Department to monitor and audit, by an independent third party review panel or consent decree, the practices of violating the A.D.A. and/or F.M.L.A. and/or P.H.R.A., and inadequate training of the PPD, to ensure that the Defendant and members of the Philadelphia Police Department comport with constitutional requirements;

F. Award the Plaintiff compensatory and/or punitive damages against the Defendant;

G. Award the Plaintiff reasonable attorney's fees;

H. Award the Plaintiff costs of litigation; and,

I. Award such other and further relief as this Court may deem appropriate and just.

## **DEMAND FOR JURY TRIAL**

Trial by a jury of twelve (12) persons is demanded as to all issues.

Respectfully Submitted,

LAW OFFICE OF J. CONOR CORCORAN, P.C.

Date: September 22, 2019

J. CONOR CORCORAN
Atty. I.D. No. 89111
1500 JFK Boulevard, Suite 620, Phila. PA 19102
Phone: (215) 735-1135; Fax: (215) 735-1175
Email: conor@jccesq.com

MILDENBERG LAW FIRM, P.C.

/Brian Mildenberg, Esq./
Atty. I.D. No. 84861
1735 Market Street, Suite 3750
Philadelphia, PA 19102
Phone: (215) 545-4870
Email: brian@mildenberglaw.com

Attorneys for Plaintiff
Michael Labrice