IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael Labrice, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 19-4377 |
| v. | : | |
| | : | |
| City of Philadelphia, et al., | : | |
| Defendants. | : | |

**January 16, 2024**                                                                                       **Anita B. Brody, J.**

<u>**MEMORANDUM**</u>

On September 22, 2019, Michael Labrice sued the City of Philadelphia, Police Commissioner Richard Ross, and Philadelphia Police Department Chief Inspector Christopher Flacco. Labrice claims that his demotion from Police Captain to Lieutenant violated the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and the Pennsylvania Human Relations Act ("PHRA"). Defendants move for summary judgment on Labrice's claims, alleging that the demotion was due to Labrice's poor work performance. Because Labrice raises several genuine issues of material fact, I will deny summary judgment as to Labrice's adverse-action and retaliation ADA claims, his FMLA claims, his PHRA claims, and his requests for equitable relief. I will grant Defendants' summary motion as to Labrice's ADA reasonable accommodations and hostile work environment claims, and as to his ADA claims against the two individual defendants.

I.   **BACKGROUND**

On March 23, 2018, Michael Labrice was promoted to Police Captain in the Philadelphia Police Department ("PPD"). Defs.' Statement of Undisputed Material Facts ("D-SUMF"),

1

ECF No. 52-1, at ¶ 4.[1] As part of this promotion, he was assigned to the Internal Affairs Bureau ("IAB"). D-SUMF at ¶ 13.

Newly-promoted police captains have a six-month probationary period, during which time captains receive both a two-month and a five-month performance review. D-SUMF at ¶¶ 5, 7. An officer may be rejected from their new position at any time during the six-month probationary period. Plaintiff's Counter-Statement of Material and Disputed Facts ("P-SUMF"), ECF No. 53, at ¶ 39. Inspector Bachmayer, Labrice's direct supervisor, was responsible for completing his two- and five-month reviews. *Id.* at ¶¶ 83, 116. He also documented his interactions with Labrice in the form of handwritten notes that were later compiled and typed by Bachmayer's aide. D-SUMF at ¶ 20.

In Labrice's June 2018 two-month written review, Bachmayer marked him as "satisfactory" in all ten performance areas. P-SUMF at ¶ 83. Flacco reviewed and approved this performance review. *Id.* at ¶ 86. When Bachmayer and Labrice met on June 22, 2018 to discuss the two-month evaluation, Bachmayer told Labrice that he was confident that Labrice was qualified for the position of Police Captain, and that Labrice would be an asset to the department. *Id.* at ¶¶ 88–89. However, Bachmayer also noted areas of potential improvement. D-SUMF at ¶¶ 27–28. He provided Labrice with a written summary of their conversation, titled a "counseling form." *Id.*

On Friday, August 3, 2018, Bachmayer issued Labrice another counseling memo. D-SUMF at ¶ 29. Bachmayer described several instances in which Labrice was unprepared for meetings and failed to keep others updated on the status of his investigations. *Id.* at ¶ 30.

On Tuesday, August 7, 2018, two business days after Labrice received this counseling,

---

[1] Where uncontested by the other party, I accept Defendants' Statement of Undisputed Material Facts and Plaintiff's Counter-Statement of Material and Disputed Facts as true for the purposes of this memorandum.

Labrice was injured on duty. D-SUMF at ¶ 32. Labrice stepped out of his vehicle, his left leg went into a pothole, and he fell and struck his head and neck on a concrete pillar. P-SUMF at ¶ 93. Labrice was transported to the hospital and diagnosed with a traumatic brain injury. *Id.* at ¶¶ 94, 96. Labrice did not return to work for several months. D-SUMF at ¶ 32.

During Labrice's leave time, Labrice was on Injured on Duty ("IOD") status. D-SUMF at ¶ 32. Labrice did not explicitly request FMLA leave time or an ADA reasonable accommodation. *Id.* at ¶¶ 34, 36, 37.[2] Labrice's six-month probationary period was put on hold while he was on leave, from August 7, 2018 until April 14, 2019. *Id.* at ¶ 33.[3]

During Labrice's absence, in November 2018, Bachmayer completed Labrice's five-month performance review. P-SUMF at ¶ 116. In that review, Bachmayer rated Labrice's performance as unsatisfactory in nine out of ten performance areas. *Id.* at ¶ 129. This review recommended that Labrice be rejected from probation and denied a permanent status as Police Captain. D-SUMF at ¶ 42. On April 11, 2019, Flacco submitted a memorandum requesting Labrice's demotion. P-SUMF at ¶ 176. On April 12, 2019, Police Commissioner Ross approved Flacco's request to demote Labrice. *Id.* at ¶ 183. Labrice was not informed at this time that he had been rejected from probation. *Id.* at ¶ 192.

On April 15, 2019, Labrice returned to work. D-SUMF at ¶ 32. Instead of returning to IAB, Labrice was reassigned to work in the Audits and Inspections department. P-SUMF at ¶ 188. Labrice's new supervisor was Inspector Robin Hill. *Id.* at ¶ 189. Flacco apparently urged Hill to report on Labrice's whereabouts and to hold Labrice to a 30-minute lunch break. *Id.*

On May 14, 2019, Labrice received the one-page form informing him that he was

---

[2] PPD does not typically require uniformed employees to use FMLA leave time when they are on IOD status. D-SUMF at ¶ 35.
[3] Labrice alleges that PPD did not follow its own policies when it placed his probationary period on hold. P-SUMF at ¶¶ 101–108.

rejected from his probationary period as captain. P-SUMF at ¶ 192. This form listed the reason for his rejection as his IOD leave time, explicitly stating:

> The specific reasons for your rejection from the above position are as follows:
>
> You were appointed to the position of Police Captain on March 23, 2018. You are on probation until 5/31/2019. You were in IOD status from 8/7/18-4/14/19. Your probation was extended which you were notified of on 8/27/18.

Plaintiff's Ex. FF, ECF No. 53-34. On May 15, 2019, Labrice was restored to the rank of lieutenant. D-SUMF at ¶ 51.

At some time after receiving this initial form, Labrice was provided with supplemental pages listing additional reasons for his rejection. P-SUMF at ¶ 195. These reasons included a typed version of Bachmayer's notes regarding his contacts with Labrice, as well as a list of Labrice's alleged deficiencies. D-SUMF at ¶¶ 43, 44. Because Labrice had been reassigned to a new department and new supervisor upon his return from leave, Bachmayer's notes only included reasons for rejection related to Labrice's pre-injury work. P-SUMF at ¶ 160.

On September 22, 2019, Labrice sued the City of Philadelphia ("the City"), Philadelphia Police Department Commissioner Richard Ross, and Philadelphia Police Department Chief Inspector Christopher Flacco (collectively, "Defendants"). Compl., ECF No. 1. On May 26, 2023, Defendants moved for summary judgment on all Labrice's claims. Defs.' Mot. for Summ. J. ("Defs.' Mot."), ECF No. 52, at 2.

## II. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine"

if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Id.* The moving party "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where, as here, the moving party does not have the burden of proof on the relevant issues, the court "must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law." *Anchorage Associates*, 922 F.2d 168, 175 (3d Cir. 1990) (citing *Celotex Corp.*, 477 U.S. 317). If the facts alleged by the movant are not disputed, the Court *may* grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

In ruling on a motion for summary judgment, the Court must draw all inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In opposing a motion for summary judgment, the nonmoving party may not "rely merely upon bare assertions, conclusory allegations or suspicions." *Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). The materials in the record that parties may rely on include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

### III. DISCUSSION

Defendants allege that all Labrice's claims fail because his demotion was due to performance issues unrelated to his disability or leave time. Defs.' Mot. at 1. However, Labrice has presented evidence that raises genuine issues of material fact as to several of his claims when

5

viewed in the light most favorable to him.

### A. ADA Claims

Labrice alleges that Defendants violated the ADA by demoting him from Captain status because of his disability. Amended Compl. ECF No. 20, at ¶¶ 22–54.

As a preliminary matter, Labrice's ADA claims against individual defendants Christopher Flacco and Richard Ross may not proceed. The ADA does not impose individual liability. *See Williams v. Pennsylvania Human Relations Comm'n*, 870 F.3d 294, 299 n.27 (3d Cir. 2017) (citing *Roman-Oliveras v. P.R. Elec. Power Auth.*, 655 F.3d 43, 45, 51 (1st Cir. 2011) (holding that the ADA, like Title VII, does not impose individual liability)). The only proper defendant here is the City of Philadelphia.

Labrice brings four ADA claims: adverse action, retaliation, failure to provide reasonable accommodations, and hostile work environment.

The ADA prohibits two forms of discrimination: (1) subjecting the employee to an adverse employment action motivated by prejudice or fear; or (2) failing to provide a reasonable accommodation for a disability. *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1998). The ADA also prohibits retaliation on the basis of certain activities protected by statute. 42 U.S.C. § 12203(a); *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).

Both the ADA discrimination and retaliation claims are adjudicated subject to the *McDonnell Douglas* burden-shifting framework. *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). If a plaintiff makes out a prima facie case of discrimination or retaliation, the burden shifts to the defendant employer "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas*, 411 U.S. at 802. If the defendant carries this burden, the plaintiff must then

prove by a preponderance of the evidence that the legitimate reasons offered by the defendant are a pretext for discrimination. *Jones v. School Dist. of Philadelphia*, 198 F.3d 403, 410 (3d Cir. 1999).

Labrice's adverse-action and retaliation ADA claims against the City of Philadelphia will proceed past summary judgment. Summary judgment will be granted as to Labrice's reasonable accommodation and hostile work environment ADA claims.

### 1. Adverse-Action Claim

A plaintiff asserting an adverse-action claim pursuant to the ADA has the burden of establishing a prima facie case by showing (1) he has a disability; (2) he is a qualified individual; and (3) he has suffered an adverse employment action because of that disability. *Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 611 (3d Cir. 2006).

Defendants concede for the purposes of summary judgment that Labrice has a disability, that he is a qualified individual, and that he suffered an adverse employment action when he was demoted. Defs.' Mot. at 6. The only remaining question is whether Labrice's demotion was on account of his disability.

Labrice alleges that he was demoted because of his disability because: (1) the form rejecting him from the captain position cited his medical leave as the reason for rejection; (2) he was replaced by a non-disabled person; (3) a similarly-situated captain who had been put on performance improvement plans was not terminated or demoted. Pl.'s Response in Opposition to Defs.' Mot. for Summ. J., ECF No. 53-2, at 21–22. The evidence Labrice introduces is sufficient to establish a prima facie case. The negative five-month performance review and demotion paperwork that were prepared during Labrice's medical leave create an inference that Labrice's demotion was on account of his disability.

To rebut Labrice's contentions, the City of Philadelphia would need to show that Labrice would have been treated the same whether or not he had a disability. *See Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000) (applying Title VII mixed-motive standard to ADA claims). The City of Philadelphia attempts to counter these allegations by attaching a record of Labrice's supervisor's complaints about Labrice's performance. These records are insufficient to rebut Labrice's prima facie case. The records were prepared during Labrice's leave, and they were not initially attached to the documents informing Labrice of his demotion. Labrice has raised a factual question as to whether his supervisor decided to demote him prior to his medical leave, or whether this decision was only made subsequent to this leave. This could be a dispositive fact in determining whether the City's reasons for demoting Labrice are pretextual. Labrice's ADA adverse-action claim will proceed to trial.

### 2. Retaliation Claim

"Prohibited discrimination under the ADA includes retaliation against an employee for requesting an accommodation." *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 188 (3d Cir. 2010). To present a prima facie case of ADA retaliation, Labrice must show that (1) he participated in an activity protected by the ADA, (2) he was subjected to a materially adverse action at the time, or after, the protected conduct took place, and (3) there was a causal connection between the adverse action and the protected activity. *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).

Requesting reasonable accommodations in good faith constitutes participating in an activity protected by the ADA and fulfills the first prong of this analysis. *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 190–91 (3d Cir. 2003). Leave time to recover from an injury can be a reasonable accommodation under the ADA. *See Conoshenti v. Public Svc. Elec.*

*& Gas Co.*, 364 F.3d 135, 151 (3d Cir. 2004) (expressing that a temporary leave of absence might be considered a reasonable accommodation). Labrice requested and received leave from work due to his disability: a traumatic brain injury. Labrice can therefore show prong one of an ADA retaliation claim.

Labrice was also subjected to a materially adverse action after his protected conduct took place. Defendants do not contest that his demotion from the position of captain constitutes an adverse employment action. Defs.' Mot. at 6. Defendants also do not contest that his demotion occurred after Labrice took leave from work, even though they do dispute the exact timing of his supervisor's decision to demote him. *See* P-SUMF at ¶ 122; Defs.' Resp. to Pl.'s Counter-Statement of Facts, ECF No. 56-2, at ¶ 122.

Finally, Labrice has presented sufficient evidence to make a prima facie case that there was a causal connection between his use of leave time and his demotion. His initial demotion paperwork explicitly cited his leave time as the reason that he would not remain in the position of captain. His performance review prior to his injury reflected that he was a satisfactory employee, and he did not receive any formal reprimands that would indicate that he was failing to meet expectations. Then, Labrice went on medical leave, and his former supervisor recommended demotion.

Because Labrice has made a prima facie case of retaliation, the burden shifts to the employer to advance a non-retaliatory and legitimate reason for its adverse employment action. *Krouse*, 126 F.3d at 500. Labrice's evidence of causation rebuts the City's contention that his demotion was due to his poor work performance. His demotion paperwork was processed while he was on leave. His five-month review did not include any information relating to Labrice's work after his return from leave, and it was prepared by a supervisor who no longer worked with

9

him. Labrice's probation could have been terminated at any time, but the City did not do so until after he engaged in protected activity.

Even if I credited the City's claim that Labrice's poor work performance was a reason for his demotion, Labrice's claim could proceed upon proof that "retaliatory animus played a role in the employer's decision-making process and that it had a determinative effect on the outcome of that process." *Krouse*, 126 F.3d at 501. Labrice has cast sufficient doubt on the City's reasoning for the demotion to raise a genuine issue of material fact about whether the City's decision was retaliatory. Labrice's retaliation claim under the ADA will therefore proceed past summary judgment.

### 3. Reasonable Accommodations Claim

To prove a reasonable-accommodation claim, Labrice must show that the defendants failed to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [Defendants] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [Defendants]." 42 U.S.C. § 12112(b)(5)(A). The plaintiff must demonstrate that the employer knew of his disability and desire for an accommodation for that disability. *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 313 (3d Cir. 1998).

An employee can demonstrate that an employer breached its duty to provide reasonable accommodations because it failed to engage in good faith in the interactive process by showing that: "1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith." *Taylor*, 184 F.3d at 319–

20; Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq. This claim is inapplicable here. Labrice received the accommodation that he requested: leave time. Labrice does not allege that he was denied other requested accommodations. Labrice has not introduced evidence sufficient to support a prima facie claim that he was denied reasonable accommodations, so summary judgment will be granted as to this claim.

### 4. Hostile Work Environment Claim

Labrice alleges that he was subjected to a hostile work environment on account of his disability. Amended Compl. at ¶ 37. The Third Circuit has assumed that the ADA provides a cause of action for such claims. *Walton v. Mental Health Ass'n of Southeastern Pa.*, 168 F.3d 661, 666 (3d Cir. 1999). However, a plaintiff bringing a hostile work environment claim must demonstrate that harassment occurred that was "sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment." *Id.*, 168 F.3d at 667 (*citing Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

Labrice does not allege any harassment, including threats, humiliating comments, or offensive utterances. Aside from his demotion itself, he only alleges that his whereabouts were scrutinized and that his lunch breaks were kept to 30 minutes. He does provide evidence to support any claim that he subjectively felt that the environment was abusive, nor that a reasonable person would find it to be abusive. *See Harris*, 510 U.S. at 21–22 (requiring that a plaintiff stating a hostile work environment claim show that conduct was both subjectively and objectively hostile or abusive). Because he fails to demonstrate any harassment rising to the level of a hostile working environment, summary judgment will be granted as to this claim.

### B. FMLA Claims

Labrice brings FMLA interference, discrimination, and retaliation claims against

11

Defendants.[4] All these claims raise genuine issues of material fact and will therefore proceed to trial.

### 1. FMLA Interference

To establish an FMLA interference claim, Labrice must show that he was entitled to a benefit under the FMLA, and that he was denied that benefit. *Sommer v. The Vanguard Group*, 461 F.3d 397, 399 (3d Cir. 2006) (citing *Callison v. City of Philadelphia*, 430 F.3d 117, 119 (3d Cir. 2005)). This analysis can be further broken down into five elements: "(1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA." *Ross v. Gilhuly,* 755 F.3d 185, 191–92 (3d Cir. 2014). Interference, or denial of FMLA benefits, can include failing to reinstate an employee to their prior position, unless for a reason unrelated to their leave. *Conoshenti v. Public Svc. Elec. & Gas Co.*, 364 F.3d at 141 (3d Cir. 2004) (citing 29 U.S.C. § 2614(a)(1); 29 C.F.R. § 825.216(a)(1)).

Labrice alleges that his FMLA rights were violated because he was not reinstated to his prior position after the end of his leave. Amended Compl. at ¶ 57. Whether he was reinstated to the captain position or demoted during the leave is a factual question for the jury. The date of his demotion is in dispute. His demotion paperwork was processed while he was on leave, but he was not reassigned to the position of lieutenant or informed of his demotion until approximately a month after he returned to work.

Labrice was also reassigned to a different department upon his return to work. In general,

---

[4] Individuals, including public sector supervisors like Defendants Ross and Flacco, may be sued under the FMLA pursuant to *Haybarger v. Lawrence County Adult Prob. & Parole*, 667 F.3d 408, 415 (3d Cir. 2012).

the FMLA requires employers to restore an employee to their former position or an equivalent position upon their return from FMLA-qualifying leave. 29 U.S.C. § 2614(a)(1). "An equivalent position is one that is virtually identical to the employee's former position in terms of pay, benefits and working conditions, including privileges, perquisites and status. It must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority." 29 C.F.R. § 825.215(a). The equivalency analysis does not, however, encompass "de minimis, intangible, or unmeasurable aspects of the job." *Id.* § 825.215(f).

Upon returning to work after taking FMLA leave, Labrice was working in the role of a Police Captain. However, he was detailed to another department: Audits and Investigations. There, Flacco and Labrice's supervisor allegedly subjected Labrice to additional scrutiny. However, at the time of his transfer, Labrice maintained his Captain rank, at least on paper. The United States Supreme Court is currently considering the question of whether a discriminatory transfer decision can constitute an adverse employment action under Title VII, absent a court determination that the transfer decision caused significant disadvantage. *Muldrow v. City of St. Louis, Mo.*, Case No. 22-193, 143 S. Ct. 2686 (Mem.) (June 30, 2023) (granting certiorari). Because Labrice's FMLA interference claim could proceed either on this theory or on the theory that his demotion took place while he was on leave, I will deny summary judgment as to this claim.

2. **FMLA Discrimination and Retaliation**

Labrice alleges that he was discriminated and retaliated against because he used FMLA-qualifying leave time. In its "discrimination" or "retaliation" provisions, the FMLA provides protection against discrimination based on the exercise of FMLA rights. 29 C.F.R. § 825.220(c)

13

("An employer is prohibited from discriminating against employees . . . who have used FMLA leave").

To establish an FMLA discrimination or retaliation claim, an employee must prove that (1) he invoked an FMLA right, (2) he suffered an adverse employment action, and (3) his leave or exercise of his FMLA rights was a motivating factor in that adverse action. *Ross v. Gihuly*, 755 F.3d 185, 193 (3d Cir. 2014). As with the ADA discrimination and retaliation provisions above, an employer can rebut this prima facie case by articulating a legitimate reason for the adverse employment action. *Krouse*, 126 F.3d at 500. If an employer meets that standard, the burden shifts back to the plaintiff to rebut the employer's explanation of the reasoning behind the adverse employment action. *Id.*

Labrice invoked an FMLA right by taking unpaid leave to recover from his temporary disability. Defendants concede for the purposes of their motion that Labrice did not need to invoke the FMLA in order to take medical leave. Defs.' Mot. at 10. *See also Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 303 (3d Cir. 2012) (holding that FMLA rights are not dependent on explicit invocation of the FMLA). Labrice therefore can establish prong one of his prima facie case of FMLA discrimination and retaliation.

Labrice suffered an adverse employment action when he was demoted from captain. His employer explicitly cited his use of leave time in the demotion paperwork. These claims follow the framework of the ADA claims discussed above. Labrice's FMLA discrimination and retaliation claims will proceed to trial because Labrice demonstrates that there is a genuine dispute of material fact about whether he was terminated due to his use of FMLA leave time.

### C. **PHRA Claims**

Labrice brings a claim against Defendants under the Pennsylvania Human Relations Act,

alleging discrimination on the basis of his disability and/or perceived disability. First Amended Compl. at ¶¶ 65–70. He seeks damages, as well as reinstatement, injunctive relief, and a declaratory judgment. First Amended Compl. at ¶ 70. Neither party briefed the issue of equitable remedies, so I do not reach it here.

Disability discrimination claims under the PHRA are evaluated under the same standard as ADA claims. *Ostrowski v. Con-Way Freight, Inc.*, 543 F. App'x 128, 130 (3d Cir. 2013); *see also Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 761 n.6 (3d Cir. 2004). Because Labrice's adverse-action and retaliation ADA claims against the City of Philadelphia raise genuine disputes of material facts, his PHRA claim necessarily does as well. Summary judgment will not be granted as to Labrice's PHRA claim against the City of Philadelphia.

Labrice claims that the two individual defendants, Richard Ross and Christopher Flacco, are also liable for a PHRA violation. First Amended Compl. at ¶¶ 65–70. The PHRA imposes liability on individuals who aid and abet an employer's discriminatory practice. 43 PA. CONS. STAT. § 955(e). Defendants do not contest Ross and Flacco's individual liability in their motion for summary judgment. A party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Defendants have not met this burden regarding the question of individual liability. Therefore, the PHRA claims against Ross and Flacco survive summary judgment.

### D. Request for Declaratory Judgment

In his complaint, Labrice requests a declaratory judgment against the City of Philadelphia. First Amended Compl. at ¶¶ 71–77. While Defendants move for summary judgment "on all [Labrice's] claims," they do not mention Labrice's request for a declaratory

15

judgment in their motion. Motion for Summary Judgment at 1. Because Defendants do not address Labrice's request for a declaratory judgment in their motion, Defendants fail to carry their burden to show that there are no material facts genuinely in dispute. *See Celotex*, 477 U.S. at 323. Summary judgment will be denied as to Labrice's request for a declaratory judgment.

### E. Labrice's Motion to Strike

In his surreply, Labrice moves to strike the supplemental statement of facts and exhibits that Defendants attached to their reply brief. Pl.'s Sur-Reply in Further Opp'n of Defs.' Partial Mot. for Summ. J. & Mot. to Strike Defs.' Suppl. Statement of Facts and Exs. Not Presented with Defs.' Opening Br. ("Labrice Surreply"), ECF No. 57, at 1. He further argues that supplemental facts and arguments raised in a reply brief are considered waived. *Id.*

Fed. R. Civ. P. 12(f) allows parties to file motions to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading. Here, Labrice is seeking to strike a supplemental statement of facts, not a pleading.

Even assuming that Labrice can bring a motion to strike in this posture, it is not meritorious. Motions to strike are generally disfavored. *See* 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2023) ("[Motions to strike] are viewed with disfavor by the federal courts and are infrequently granted."); *see also Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) ("Because of the drastic nature of the remedy . . . motions to strike are usually 'viewed with disfavor' and will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'") (citing *Tonka Corp v. Rose Art Industries, Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993)).

Here, Defendants' additional documents and the statement of facts were attached in

response to Labrice's arguments, and they do not raise new legal issues. Labrice did not show that he was prejudiced by Defendants' inclusion of additional information in their reply brief. Labrice filed a surreply, so he had the opportunity to respond to the new information provided by Defendants. Therefore, Labrice's motion to strike will be denied. To the extent Defendants raised new facts and arguments in their reply brief, they are waived. *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 779 (D.N.J. 2013) ("[I]t is well established that new arguments cannot be raised for the first time in reply briefs."); *see also Garza v. Citigroup, Inc.*, 881 F.3d 277, 284 (3d Cir. 2018) ("Raising an issue in a reply brief is too late[.]").

## IV. CONCLUSION

For the reasons discussed above, I will grant Defendants' Motion for Summary Judgment (ECF No. 52) as to Labrice's ADA reasonable accommodations and hostile work environment claims, and as to his ADA claims against the two individual defendants. Summary judgment will be denied as to Labrice's adverse-action and retaliation ADA claims, his FMLA interference, discrimination and retaliation claims, his PHRA claims, and his requests for equitable relief. I will deny Labrice's Motion to Strike (ECF No. 57). An appropriate order follows.

                                                 s/ANITA B. BRODY, J.
                                                 ANITA B. BRODY, J.