# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL LABRICE,<br>Plaintiff,<br><br>v.<br><br>CITY OF<br>PHILADELPHIA et al.,<br>Defendants. | CIVIL ACTION<br>19-4377 |

## MEMORANDUM

## I. Introduction[1]

This is an employment discrimination action brought by Plaintiff, Michael Labrice, against the City of Philadelphia, Philadelphia Police Department Chief Inspector Christopher Flacco, and former Philadelphia Police Commissioner Richard Ross (collectively, "Defendants") under the Americans with Disabilities Act ("ADA"), Pennsylvania Human Relations Act ("PHRA"), and Family and Medical Leave Act ("FMLA"). In April 2025, the Court held a six-day jury trial on Mr. Labrice's claims

---

[1] For purposes of this Opinion and Order, the Court assumes some familiarity with the history and posture of the case. For a summary of the facts and history of the case, see the Court's May 27, 2025, Remedies Opinion, ECF No. 159, at 1-3.

of disability discrimination under the ADA and PHRA ("Count 1"); retaliation for taking medical leave under the ADA and PHRA ("Count 2"); interference under the FMLA ("Count 3"); and retaliation for exercising the right to take leave under the FMLA ("Count 4").

The jury found liability in favor of Mr. Labrice on Counts 1 and 2 and denied liability on Counts 3 and 4. The Court determined the appropriate remedies for the successful claims: (a) attorneys' fees and costs; (b) $1.00 in nominal damages; (c) $129,935.84 in back pay; and (d) reinstatement to the position of captain in the Philadelphia Police Department for a new six-month probationary period. *See* Remedies Opinion, ECF No. 159.

Following the jury's verdict, Defendants moved for judgment as a matter of law, or in the alternative, a new trial, and Mr. Labrice moved to amend the judgment or for a new trial on damages. ECF No. 156; ECF No. 157. The Court denied both parties' post-trial motions. ECF No. 173. On July 16, 2025, Defendants filed an appeal of the Court's orders. ECF No. 174.

The Court now considers Mr. Labrice's Motion to Enforce Judgment and Defendants' Motion to Stay Execution of Judgment Pending Appeal and to Waive the Bond Requirement. ECF No. 178; ECF No. 180.

Mr. Labrice moves to enforce the Court's May 27, 2025, Order awarding remedies pursuant to Federal Rule of Civil Procedure 70 ("Remedies Order," ECF No. 160).[2] Defendants have not paid Mr. Labrice the amount awarded as nominal damages or back pay and have not reinstated Mr. Labrice to the probationary position of captain.[3] Defendants move to stay the execution of the monetary judgment and reinstatement pending appeal.

The Court denies Mr. Labrice's motion to enforce the judgment and grants Defendants' motion to stay execution of the judgment pending appeal.[4]

---

[2] Mr. Labrice also filed a praecipe for Writ of Execution with the Clerk of Court, pursuant to Federal Rule of Civil Procedure 69, related to the monetary judgment. ECF No. 179.
[3] Plaintiff's Motion to Enforce Judgment, ECF No. 178, at 5.
[4] The district court has jurisdiction to decide whether to stay the judgment for equitable relief pending appeal. Generally, when an appeal is perfected, the district

## II. **Discussion**

Defendants are entitled to a stay of the execution of the monetary judgment without bond under Federal Rule of Civil Procedure 62(f). In general, a party must provide a bond or other security to stay the enforcement of a judgment. Fed. R. Civ. Proc. 62(b).[5] But Rule 62(f) sets forth an exception, entitling a defendant "to the same stay of execution the state court would give" when a judgment results in a lien on the judgment debtor's property under state law. Fed. R. Civ. Proc. 62(f).[6]

Under Pennsylvania law, a monetary judgment results in a lien on the judgment debtor's property. 42 Pa. C.S. § 4303(a) (2024) ("Any

---

court loses jurisdiction to take further action in the cause, but "Rule 62 is an exception to that general rule and a recognition of the long established right of the trial court, after an appeal, to make orders appropriate to preserve the status quo while the case is pending in the appellate court." *United States v. El-O-Pathic Pharmacy*, 192 F.2d 62, 79 (9th Cir. 1951) (internal citations omitted).

[5] "Stay by Bond or Other Security. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. Proc. 62(b).

[6] "Stay in Favor of a Judgment Debtor Under State Law. If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Fed. R. Civ. Proc. 62(f).

4

judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property […]"); *see also In re Upset Sale, Tax Claim of Berks County*, 505 Pa. 327, 479 A.2d 940, 943 (1984) (interpreting 42 Pa. C.S. § 4303(a) to mean that a recorded judgment operates as a lien on all real property of the judgment debtor located in the county where the judgment is recorded). And Pennsylvania law provides for an automatic stay pending appeal without supersedeas bond when a political subdivision or a political officer, acting in his official capacity, is the party filing an appeal. Pa. R. App. P. 1736(a)(2); Pa. R. App. P. 1736(b).

The Remedies Order resulted in a lien on Defendants' property in Philadelphia. Further, the City of Philadelphia is a political subdivision, and individual Defendants are political officers who were acting in their official capacity. Therefore, if this case were in state court, Defendants would be entitled to a stay without security under Pennsylvania Rule of Appellate Procedure 1736. The state law requirements listed in Federal Rule of Civil Procedure 62(f) are met under Pennsylvania law, so Defendants are entitled to a stay of monetary judgments against them

and a waiver of the bond requirement pending appeal.

Federal Rule of Civil Procedure 62(d) authorizes a district court to suspend equitable or injunctive relief during the pendency of an appeal.[7] A stay is an "exercise of judicial discretion and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. U.S.*, 272 U.S. 658, 672-673 (1926)) (internal quotation marks omitted).

When deciding whether to grant a stay of equitable relief pending appeal, courts should consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). These factors "contemplate individualized judgments in each case[;] the

---

[7] The court "may suspend, modify, restore, or grant injunctions pending appeal from an interlocutory or final grant, dissolution or denial of an injunction." Fed. R. Civ. Proc. 62(d).

formula cannot be reduced to a set of rigid rules." *Hilton*, 481 U.S. at 777. If no stay has been obtained during an appeal, an injunction that the district court has granted remains in effect.[8]

After considering the four factors, the Court will stay Mr. Labrice's reinstatement pending appeal because of the potential for irreparable injury to the Philadelphia Police Department in the absence of a stay. Enforcing Mr. Labrice's reinstatement immediately may disrupt operations at the Police Department for no reason. If the Court enforces Mr. Labrice's reinstatement now, the Police Department would have to reorganize itself to accommodate Mr. Labrice in the position of captain. Then, if the Third Circuit grants Defendants' appeal, the Police Department would have to reorganize again to demote Mr. Labrice from his new position. Such back and forth would serve no purpose.[9] To ensure the smooth administration of civil services, the Court will stay

---

[8] 11 C. Wright & A. Miller, Federal Practice and Procedure § 2904 (3d ed. 2025).
[9] Furthermore, only Defendants' opening brief and appendix have been filed so far in the appellate case. *Michael Labrice v. City of Philadelphia, et al.*, No. 25-2350 (3d Cir. July 18, 2025). The Third Circuit may take longer than six months from now to decide Defendants' appeal. Mr. Labrice could theoretically complete his six-month probationary period, only to later have the Third Circuit determine that he was not entitled to reinstatement.

Mr. Labrice's reinstatement until the Third Circuit decides Defendants' appeal.[10]

Furthermore, Mr. Labrice will not be substantially harmed by a stay of equitable relief pending appeal. He can be compensated for lost earnings from the duration of the appeal by seeking additional backpay.[11] And the Court has already addressed in its Remedies Opinion how Mr. Labrice can be compensated for the additional benefits he claims he will miss out on.[12]

Ultimately, the balance of equities weighs in favor of granting a stay of Mr. Labrice's reinstatement pending appeal. Consequently, the Court will not enforce its judgment pursuant to Federal Rule of Civil

---

[10] The Court does not credit Defendants' argument that it will suffer irreparable harm because Mr. Labrice is unfit to serve as a captain. Def. Mot. at 7. This argument reflects Defendants' inability to accept the jury's verdict.

[11] Defendants consent to Mr. Labrice seeking additional backpay for the duration of the appeal if the Third Circuit affirms Mr. Labrice's reinstatement. Def. Mot. at 9.

[12] As addressed in the Court's Opinion on Remedies, any award of back pay will automatically be reflected in Mr. Labrice's pension as though he had worked as a captain during the relevant time. ECF No. 157 at 11 n.16. Furthermore, Mr. Labrice is not made worse off by earning overtime pay rather than accruing compensatory time pending appeal. *Id.* at 10-11. Lastly, it would be speculative for the Court to presume that Mr. Labrice is substantially injured by his current inability to take future exams when his eligibility to take those exams is contingent on satisfactory completion of his six-month probationary period. *Id.* at 15-16.

Procedure 70 at this time.

## III. <u>Conclusion</u>

For the reasons discussed above, the Defendant's Motion to Stay Execution of Judgment Pending Appeal and to Waive the Bond Requirement will be granted. The Plaintiff's Motion to Enforce Judgment will be denied. An appropriate order follows.

                                              _s/ANITA B. BRODY, J._____
                                              ANITA B. BRODY, J.
                                              October 27, 2025